

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| G.F. LEAGUE COMPANY, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1305-HFF |
| | § | |
| CLIP-LOK SIMPAK (USA), INC., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This is a copyright case. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Currently pending before the Court is Plaintiff's motion to remand this case to the Court of Common Pleas for Greenville County, South Carolina, pursuant to 28 U.S.C. § 1447.

**II.    FACTUAL AND PROCEDURAL HISTORY**

In August of 1991, Plaintiff and Defendant entered into an agreement in which Plaintiff was to manufacture Defendant's product. This relationship lasted for ten years and included a confidentiality agreement signed by Plaintiff. After this ten-year period, a dispute arose between the two parties causing Plaintiff to seek a declaratory judgement in the Court of Common Pleas for Greenville County. At issue was a product being produced by Plaintiff. Specifically, Plaintiff sought a judgment stating that its product did not infringe any of Defendant's rights. Plaintiff sought this

judgment pursuant to S.C. Code Ann. § 15-53-30 and S.C. R. Civ. P. 57. Plaintiff also sought damages for Defendant's alleged tortious interference in Plaintiff's business relationships.

Defendant filed an answer on October 13, 2004, and an amended answer on April 14, 2005, in which it added eleven counterclaims, including claims arising under federal copyright law. On May 4, 2005, Defendant removed the case to this Court on the basis that its counterclaims raised federal questions. On May 31, 2005, Plaintiff moved to remand the case on the grounds that this Court lacked subject matter jurisdiction.

### III.     STANDARD OF REVIEW

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Further, if federal jurisdiction is in doubt, a remand is necessary. *Id.*

### IV.     DISCUSSION

*A.     Removal*

Federal procedure allows a defendant to remove a case from state court to federal court when a claim presents a question arising under the Constitution, treaties, or laws of the United States or when the parties are citizens of different states. 28 U.S.C. § 1441. While Section 1441 gives a defendant some control in determining the forum of adjudication, this right is not without limitation. Specifically it is well established that a "counterclaim – which appears as part of the defendant's

answer, not as part of the plaintiff's complaint – cannot serve as the basis of [Section 1441's] 'arising under' jurisdiction." *The Holmes Group, Inc. v Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). This limitation preserves the principle that the plaintiff is the "master of the complaint." *Id.* at 831 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399).

In the instant case, as already noted, Defendant seeks to remove this case based solely on its counterclaims. For the reasons stated above, the Court finds this to be improper.

  *B.*  *Well-Pleaded Complaint Rule*

The well-pleaded complaint rule requires federal courts to determine jurisdiction solely on the claims made in a plaintiff's complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983). Here, Plaintiff's complaint seeks a declaratory judgement pursuant to S.C. Code Ann. § 15-52-30. Nowhere does Plaintiff's complaint present a question arising under the laws of the United States. Defendant, however, argues that Plaintiff's complaint seeks a declaratory judgment that Plaintiff's product does not infringe any rights of Defendant. Further, Defendant contends that the term "any rights" could include federal patent questions. Thus, according to Defendant, Plaintiff's complaint includes a claim arising under federal law. This Court finds this assertion unpersuasive.

First, Plaintiff's complaint seeks a declaratory judgment pursuant to S.C. Code Ann. § 15-52-30. Plaintiff's request for a finding that its product does not infringe any of Defendant's rights is limited to relief provided by S.C. Code Ann. § 15-52-30. A declaratory judgment pursuant to § 15-52-30 will not determine Defendant's patent rights, as federal law confers on the United States district courts exclusive jurisdiction over federal copyright laws. 28 U.S.C. § 1338. Hence, a declaratory judgment under a state statute will not address parties' rights under copyright law.

Additionally, the plain language of S.C. Code Ann. § 15-52-30 allows declaratory judgments with regard to state statutes, not federal statutes. S.C. Code Ann. § 15-52-30. Thus, as Plaintiff's complaint does not raise a federal question, Defendant is prevented from removing the instant case to this Court.

Even if this Court accepted Defendant's contention that Plaintiff has raised a federal question, Defendant is precluded from removing this action to federal court because it failed to do so within thirty days of receiving Plaintiff's complaint. 28 U.S.C. § 1446(b). Defendant, however, appears to argue that Plaintiff's complaint became a federal question over the course of litigation. Defendant further justifies its untimely removal on recently discovered evidence. According to Defendant, Plaintiff's complaint transformed into a federal question when new evidence suggested that a federal patent law might be implicated. This Court finds nothing in the record that prevented Defendant from asserting the same basis for removal within thirty days after it received Plaintiff's complaint. Moreover, the Court is unwilling to adopt the contention that a Plaintiff's claim can "become" a federal question over time.

### V.     CONCLUSION

For the reasons stated, this Court lacks the requisite subject matter jurisdiction needed to adjudicate this case. Therefore, Plaintiff's motion is **GRANTED** to the extent that this case is remanded to the Court of Common Please for Greenville County, South Carolina and **DENIED** to the extent that Plaintiff seeks attorney's fees.

**IT IS SO ORDERED.**

Signed this 31st day of August, 2005, in Spartanburg, South Carolina.

                                        <u>s/ Henry F. Floyd</u>
                                        HENRY F. FLOYD
                                        UNITED STATES DISTRICT JUDGE